IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| **PARIS EMERGENCY CENTER, LLC** § <br> **d/b/a SIGNATURECARE EMERGENCY** § <br> **CENTER – PARIS,** *et al.*, § <br> § <br> *Plaintiffs*, § <br> § <br> v. § <br> § <br> **BLUE CROSS AND BLUE SHIELD OF** § <br> **TEXAS, A DIVISION OF HEALTH** § <br> **CARE SERVICE CORPORATION,** § <br> § <br> *Defendant.* § | Civil Action No. 5:24-cv-00002-RWS |

## STIPULATED HIPAA QUALIFIED AND
## FRE 502(D) PROTECTIVE ORDER

**Proceedings and Information Governed.**

1. This Order ("Protective Order") is made under Fed. R. Civ. P. 26(c), Fed. R. Evid. 502(d) and 45 C.F.R. § 164.512(e)(1)(v). It governs any court filings including exhibits to the same, and any document, information, or other thing furnished by any party to any other party, and it includes any nonparty who receives a subpoena or otherwise provides documents in connection with this action. The information protected includes, but is not limited to: pleading or motion exhibits; lists or spreadsheets showing the insurance reimbursement claims at issue; answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other writings or things produced, given or filed in this action that are designated by a party as "Confidential Information" or "Confidential Attorney Eyes Only Information" in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries,

descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

### Designation and Maintenance of Information.

2. For purposes of this Protective Order, (a) the "Confidential Information" designation means that the document is comprised of or contains trade secrets or commercial information that is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed. R. Civ. P. 26(c)(7) or as determined by the Court, or other information required by law or agreement to be kept confidential, including Protected Health Information, or other sensitive personal information and (b) the "Confidential Attorney Eyes Only" designation means that the document is comprised of or contains information that the producing party deems especially sensitive such that it cannot be adequately protected by treatment as "Confidential Information" under this Protective Order, which may include, but is not limited to, confidential research and development, financial, technical, marketing, or any other competitively sensitive information. Confidential Information and Confidential Attorney Eyes Only Information does not include, and this Protective Order does not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a non-confidential manner.

3. Ultrasensitive Information. At this point, the parties do not anticipate the need for production of ultrasensitive documents or information, e.g., production of information that would entail risks/harms not sufficiently mitigated by the protections currently provided by this Order. However, in the event that a court orders that ultrasensitive documents or information be produced, the parties will negotiate and ask the court to enter an ultrasensitive information protocol in

advance of production to further protect such information.

4. Documents and things produced during the course of this litigation within the scope of paragraph 2(a) above, may be designated by the producing party as containing Confidential Information by placing on each page and each thing a legend, or otherwise conspicuously designating electronically stored information, substantially as follows: **CONFIDENTIAL**.

5. Documents and things produced during the course of this litigation within the scope of paragraph 2(b) above may be designated by the producing party as containing Confidential Attorney Eyes Only Information by placing on each page and each thing a legend, or otherwise conspicuously designating electronically stored information, substantially as follows: **ATTORNEY EYES ONLY**.

6. A party may designate information disclosed at a deposition as Confidential Information or Confidential Attorney Eyes Only Information by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition. If no such designation is made at the time of the deposition, any party will have thirty (30) calendar days after receipt of the deposition transcript to designate, in writing to the other parties and to the court reporter, whether the transcript, or any portion thereof, is to be designated as Confidential Information or Confidential Attorney Eyes Only Information. If no such designation is made at the deposition or within this thirty (30) calendar day period (during which period, the transcript must be treated as Confidential Attorney Eyes Only Information, unless the disclosing party consents to less confidential treatment of the information), the entire deposition will be considered devoid of Confidential Information or Confidential Attorney Eyes Only Information. Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions

designated in such notice must thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel for each party to maintain materials containing Confidential Information or Confidential Attorney Eyes Only Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

### Inadvertent Failure to Designate.

7.     The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed, in this litigation or any other, to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential or privileged at a later date in writing and with particularity. The information must be treated by the receiving party as confidential or privileged from the time the receiving party is notified in writing of the change in the designation.

### Challenge to Designations.

8.     A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation and shall explain in that writing why the receiving party believes that the designation should be changed. The producing party will then have ten (10) business days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this ten (10) business day time-frame, and after the conference required under LR CV-7(h), the receiving party may at any time thereafter seek an order to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the presiding judge, the designation will remain in full force and effect, and the information will continue to be accorded

the confidential treatment required by this Protective Order.

### Disclosure and Use of Confidential Information.

9. Information designated as Confidential Information or Confidential Attorney Eyes Only Information may only be used for purposes of preparation, trial, settlement and appeal of this action. Confidential Information or Confidential Attorney Eyes Only Information may not be used under any circumstances for any other purpose.

10. Information designated as Confidential Information or Confidential Attorney Eyes Only Information may contain Protected Health Information ("PHI") as defined by 45 C.F.R. § 160.103. In accordance with the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), codified at 42 U.S.C. §§ 1320d *et seq.* and implemented at 45 C.F.R. §§ 160, 164, this Protective Order specifically prevents any receiving party from using or disclosing PHI for any purpose other than prosecuting, defending or settling the claims in this litigation. *See* 45 C.F.R. § 164.512(e)(1)(v)(A).

11. Subject to paragraph 13 below, Confidential Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) employees of the receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions; (b) in-house counsel of the receiving party; (c) outside counsel for the receiving party of record in this action; (d) supporting legal personnel employed by (b) and (c), such as paralegals, legal secretaries, data entry clerks, and legal clerks who are required in good faith to provide assistance in the conduct of this litigation; (e) experts or consultants retained specifically to assist counsel of record in this action; (f) lay witnesses or prospective lay witnesses whom counsel of record reasonably believes will be called as a witness at the trial or an evidentiary hearing, or whose

deposition has been noticed, to the extent reasonably necessary to prepare for or provide trial, hearing or deposition testimony; but only if (i) such individuals first have agreed to and have signed, before disclosure to them, the Confidentiality Agreement attached to this Order, (ii) they are not allowed to keep copies of such documents or information; and (iii) counsel of record retains direct control of such Confidential Information at all times; (g) any persons requested by counsel to furnish services such as dispute resolution services, e-discovery, photocopying, document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; and (h) the presiding judge and court staff.

12. Subject to paragraph 14 below, Confidential Attorney Eyes Only Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) in-house counsel for the receiving party with responsibility for the management of this action; (b) outside counsel for the receiving party of record in this action: (c) supporting legal personnel employed by inside or outside counsel, such as paralegals, legal secretaries, data entry clerks, and legal clerks who are required in good faith to provide assistance in the conduct of this litigation; (d) experts or consultants retained specifically to assist counsel of record in this action; (e) any persons requested by counsel to furnish services such as dispute resolution services, e-discovery, photocopying, document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; and (f) the presiding judge and court staff.

13. Further, prior to disclosing Confidential Information to any person authorized under paragraph 11 other than those identified in subparagraphs (a), (b), (c), (d), and (h), the

receiving party must obtain from that person and maintain on file a signed Confidentiality Agreement in the form attached as Exhibit A (employees, experts and consultants) or Exhibit B (third-party vendors), as appropriate. Counsel is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

14. Further, prior to disclosing Confidential Attorney Eyes Only Information to any person authorized under paragraph 12 other than those identified in subparagraphs (a), (b), (c) and (f) the receiving party must obtain from that person and maintain on file a signed Confidentiality Agreement in the form attached as Exhibit A (experts and consultants) or Exhibit B (third-party vendors), as appropriate.

15. Confidential Information or Confidential Attorney Eyes Only Information may be disclosed by a receiving party to a person who is not already allowed access to such information under this Protective Order if:

(a) the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6);

(b) the person is the designating party or is a director, officer, or employee of the designating party; or

(c) counsel for the party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of Confidential

Information. Disclosure of material pursuant to this paragraph does not constitute a waiver of the confidential status of the material so disclosed.

**Nonparty Information.**

16. The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things, or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

**Filing Documents With the Court.**

17. In the event a party wishes to use any Confidential Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for in camera review; or (3) file such information under seal with the court consistent with the sealing requirements of the Court. Any Confidential Information filed under seal with the Court shall remain under seal until further order of the court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Protective Order.

**No Prejudice.**

18. Producing or receiving confidential information, otherwise complying with the terms of this Protective Order, or choosing not to object to another party's confidentiality designation will not (a) operate as an admission by any party that any particular document, tangible

thing, or testimony contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a party to apply to the presiding judge for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

**Waiver.**

19.     Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor work-product protection is waived by disclosure connected with this litigation. Further pursuant to Federal Rule of Evidence 502(d), this Protective Order—not Federal Rule of Evidence 502(b)—controls the inadvertent or mistaken disclosure of information covered by the attorney-client privilege or work-product protection. If information subject to a claim of attorney-client privilege or work product protection or any other privilege, protection, or immunity is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver (subject matter or otherwise) of, or estoppel as to, any claim of privilege, protection, or immunity for such information as provided under applicable law, including Federal Rule of Evidence 502, regardless of the reasonableness of the producing party's inadvertent or mistaken production. If a producing party has inadvertently or mistakenly produced information that is subject to a claim of immunity, protection or privilege, and if the producing party makes a written request for the return of such information, the information for which a claim of inadvertent production is made, as well as all copies, shall be returned immediately unless the receiving party disputes the claim of privilege, protection, or immunity. Likewise, any analyses, memoranda, or notes that were

internally generated based upon such inadvertently produced information must be destroyed upon receipt of such a written request from the producing party, unless the receiving party disputes the claim of privilege, protection, or immunity. The producing party will promptly include information explaining the asserted privilege, protection, or immunity on a privilege log. If the receiving party disputes the producing party's assertion of privilege, protection, or immunity on any information, the receiving party must sequester the information until the Court rules on the applicability of privilege, protection, or immunity to that information. The producing party shall request that the Court rule on whether the information should be deemed privileged or otherwise protected, and in the event that the information is deemed privileged or otherwise protected by the Court and if there is no immediate appeal of the Court's findings of privilege or protection, the receiving party shall promptly return the privileged information and destroy any notes, memoranda, or analyses that were generated. Subject to the Court's direction, resolution of the issue may include the Court's review of the potentially privileged or protected information *in camera.*

### Conclusion of Litigation.

20. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing Confidential Information or Confidential Attorney Eyes Only Information, and to certify to the producing party that this destruction or return has been done. To the extent that Confidential Information contains PHI, counsel for the receiving party shall ensure that such materials are destroyed using a methodology specified by the U.S. Secretary of Health and Human Services

pursuant to Section 13402(h)(2) of Public Law 111-5 that renders the PHI unusable, unreadable, or indecipherable. However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

21. The obligations created by this Protective Order shall survive the termination of this action unless otherwise modified by the Court.

### Other Proceedings.

22. By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who may be subject to a motion to disclose a designating party's information designated confidential pursuant to this Protective Order must promptly notify the designating party of the motion so that the designating party may have an opportunity to appear and be heard on whether that information should be disclosed.

### Remedies.

23. It is Ordered that this Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b) and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

24. Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

**So ORDERED and SIGNED this 5th day of August, 2024.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE

**Exhibit A**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| **PARIS EMERGENCY CENTER, LLC** § | | |
| **d/b/a SIGNATURECARE EMERGENCY** § | | |
| **CENTER – PARIS,** *et al.*, § | | |
| § | | |
| *Plaintiffs*, § | | |
| § | | |
| v. § | Civil Action No. 5:24-cv-00002-RWS | |
| § | | |
| **BLUE CROSS AND BLUE SHIELD OF** § | | |
| **TEXAS, A DIVISION OF HEALTH** § | | |
| **CARE SERVICE CORPORATION,** § | | |
| § | | |
| *Defendant*. § | | |

## CONFIDENTIALITY AGREEMENT FOR EXPERT, CONSULTANT OR EMPLOYEES OF ANY PARTY

I hereby affirm that:

Information, including documents and things, designated as "Confidential Information" or "Confidential Attorney Eyes Only Information," as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Information or Confidential Attorney Eyes Only Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing Confidential Information or Confidential Attorney Eyes Only Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Information or Confidential Attorney Eyes Only Information are to be returned to counsel who provided me with such documents and materials.

_____
Signed

_____
Printed Name

_____
Date

**Exhibit B**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TEXARKANA DIVISION

| | | |
|---|---|---|
| **PARIS EMERGENCY CENTER, LLC** § | | |
| **d/b/a SIGNATURECARE EMERGENCY** § | | |
| **CENTER – PARIS,** *et al.*, § | | |
| § | | |
| *Plaintiffs*, § | | |
| § | | |
| v. § | Civil Action No. 5:24-cv-00002-RWS | |
| § | | |
| **BLUE CROSS AND BLUE SHIELD OF** § | | |
| **TEXAS, A DIVISION OF HEALTH** § | | |
| **CARE SERVICE CORPORATION,** § | | |
| § | | |
| *Defendant*. § | | |

## CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS

I hereby affirm that:

Information, including documents and things, designated as "Confidential Information" or "Confidential Attorney Eyes Only Information," as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Information or Confidential Attorney Eyes Only Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those

specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

_____
Signed

_____
Printed Name

_____
Date